**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony S. OWENS, Defendant– Appellant.**

**No. 01–1085.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 14, 2001.

Decided Oct. 18, 2001.

Before FLAUM, Chief Judge,
MANION, WILLIAMS, Circuit Judges.

### ORDER

Anthony Owens was convicted by a jury for possession with intent to distribute cocaine, cocaine base, and marijuana, and for unlawful possession of a firearm by a convicted felon. In this direct appeal, Owens argues that the evidence was insufficient to support his convictions, and that the district court erred in denying his motion for a mistrial after the jury learned of Owens's prior convictions for drug trafficking and forgery. We affirm.

A police informant purchased crack cocaine from Anthony Owens at a house on Eastern Avenue in Indianapolis. The police then conducted surveillance at that location, and saw Owens there on three occasions during the next three months—on one occasion he was cutting the grass, and on another occasion he entered the home with a key. The police obtained a warrant and searched the house in June 1999. There they found two bags of crack cocaine, cocaine cutting agents, digital scales, and a handgun (in the kitchen); marijuana (in the pocket of a jacket in the hall closet); cocaine and a rifle (in a bedroom on the second floor). They also found various documents bearing Owens's name (and in some cases, the Eastern Avenue address) in a shoe box in the master bedroom, including, for example: utility bills; paycheck stubs; a birth certificate; high school equivalency test results and certificate; and receipts from various local retail businesses. While police were conducting the search, Owens arrived and used his key to enter. The police told him that there had been a burglary at the house; Owens replied that it was his brother's house and he did not live there.

In considering Owens's challenge to the sufficiency of the evidence, "[w]e review the evidence in the light most favorable to the Government and will uphold the convictions if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Hunter*, 145 F.3d 946, 949 (7th Cir.1998) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). For each of the offenses, the government was required to prove that Owens knowingly possessed the drugs or guns found at the house. *See* 28 U.S.C. §§ 841(a)(1), 922(g). The government may do this by producing evidence demonstrating the defendant's "ownership,

dominion, or control over the contraband." *United States v. Moya–Gomez,* 860 F.2d 706, 756 (7th Cir.1988). The exercise of control by the defendant need not be exclusive to support a finding of possession, but if possession is not exclusive, there must be "a nexus between the accused and the contraband, in order to distinguish the accused from a mere bystander." *United States v. Richardson,* 208 F.3d 626, 632 (7th Cir.2000).

The nexus between Owens and the contraband, under the government's theory, was his connection to the home where the drugs and guns were found. There is conflicting evidence about whether, at the time of the search, Owens actually lived there. (For example, there was testimony that Owens lived there with his brother and girlfriend beginning in 1998, but that he moved out in February 1999 and signed a one-year lease for a townhouse that he shared with another woman at a different location. His sister testified that Owens was living with her at yet another location in May and June. However, Owens notified the lessor of the townhouse of his intent to vacate it as of June 2 and asked that the security deposit be mailed to the Eastern Avenue home. Utility service was provided to the Eastern Avenue home in Owens's name through October.) Nevertheless, whether or not he actually lived at the Eastern Avenue home at the time of the search, there was more than sufficient evidence—such as Owens's sale of cocaine from that location in March, his possession and use of a key to that home, and the papers found there—to establish his "substantial connection" to the house, see *Richardson,* 208 F.3d at 632, and that he was "something more than a casual visitor." See *United States v. Kitchen,* 57 F.3d 516, 520 (7th Cir.1995). Accordingly, Owens's challenge to the sufficiency of the evidence

must fail. See *Kitchen,* 57 F.3d at 520–21; *United States v. Garrett,* 903 F.2d 1105, 1110 (7th Cir.1990).

■ Owens next contends that the district court erred in denying his motion for a mistrial, which was based on the admission of evidence of his prior convictions for drug trafficking and forgery. The prior convictions were admitted to impeach Owens's credibility, which was at issue because, although he did not take the stand, his lawyer elicited (from a police officer) Owens's statement, when he arrived at the Eastern Avenue home at the time of the search, that he did not live there.[1] Under Federal Rule of Evidence 609(a)(2), evidence of a prior conviction for forgery is admissible to attack the credibility of a witness without any balancing of prejudice, but for convictions not involving dishonesty or false statement (like the drug conviction), Rule 609(a)(1) explicitly requires a finding that the probative value of the evidence outweighs the potential for prejudice. Fed.R.Evid. 609(a)(1). After initially admitting the evidence, the court later reconsidered and held the evidence inadmissible based on undue prejudice, but denied Owens's motion for a mistrial. Defense counsel did not request a curative instruction, and the judge commented that "a remedy is just to forget it in the sense that the more you talk about these things, the more they'll be impressed on the minds of the jury."

Owens argues that a mistrial was warranted because of the prejudicial effect of his prior drug conviction. We agree with the district court's eventual conclusion that the evidence was unduly prejudicial. The prior conviction was offered on the question of the defendant's credibility, and the only statement of the defendant that the

---

**1.** Rule 806 permits the impeachment of a hearsay declarant by whatever evidence could

be used to impeach the declarant had he testified in court.

jury was asked to evaluate was his statement that he did not live at the house at the time it was being searched. With respect to the veracity of that statement, the prior drug conviction had relatively little probative value, which the district court was entitled to conclude was outweighed by the significant possibility of prejudice.

But we are not ruling on whether the evidence was proper. Instead, the question is, given the court's eventual ruling that the evidence should be excluded, did the court abuse its discretion in denying Owens's motion for a mistrial? Our review of the district court's decision to deny a mistrial is highly deferential. This is because the trial judge "is in the best position to determine the seriousness of the incident in question, particularly as it relates to what has transpired in the course of the trial," and therefore we will reverse a decision denying a mistrial only if "we have a strong conviction that the district court erred." *United States v. Clarke*, 227 F.3d 874, 881 (7th Cir.2000). "The ultimate focus of our inquiry is whether the defendant was deprived of a fair trial." *Id.*

Here is what the jury heard on the subject:

> [THE GOVERNMENT]: ... pursuant to our conversation at the bench, the Government would seek to admit Government's Exhibits 31A and 31B, which are prior convictions of Mr. Anthony Owens. 31A is for Marion County for dealing in cocaine, and 31B is also from Marion County for forgery.

There was no further reference to these exhibits and the jury never saw them. No witnesses were questioned about them, and, because the judge later sustained defendant's objection, there was no further mention whatsoever of Owens's prior con-

victions. The district court was in a better position than we are to evaluate how much impact this brief reference would have had on the jury members in the context of the trial. Given the overwhelming evidence the jury heard regarding Owens's connection to the house where the contraband was found (including his prior cocaine sale from that location), the district court was within its discretion in concluding that the defendant was not deprived of a fair trial. *See Clarke*, 227 F.3d at 881; *United States v. Brack*, 188 F.3d 748, 759 (7th Cir.1999).

Because the evidence was sufficient to sustain the convictions, and because we hold that the district court did not abuse its discretion in denying a mistrial, we AFFIRM the judgment of the district court.